SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-CR-00401-SI-1** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ROBINSON GABRIEL MEDINA-COELLO,** | |
| **Defendant.** | |

## Introduction

Defendant Robinson Gabriel Medina-Coello is before the court for sentencing following the entry of a guilty plea to the crimes of possession with intent to distribute fentanyl, (40 grams or more), in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B)(vi), and prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A).

In this case, the United States recommends a sentence of 37 months custody on both counts, to run concurrently, followed by four years of supervised release for the offense of Count One, and three years of supervised release for the offense of Count Two.

## Factual Background

### A. The Offense Conduct

1. August 2024 Drug Trafficking Conduct

On August 22, 2024, a Portland Police Bureau Officer set up a drug transaction with another individual (Co-Conspirator 1). PSR ¶ 19. Co-Conspirator 1 arrived at the deal location with the defendant, Robinson Gabriel Medina-Coello, who was using the alias "Yonis Omar Diaz-Cuello" at the time. *Id*. Both Co-Conspirator 1 and Medina-Coello were arrested and found to be in possession of 27.22 grams of fentanyl. *Id*. Medina-Coello allowed a law enforcement officer to review his cell phone, and the officer observed text messages indicating prior drug transactions. *Id*.

The conduct from this incident was dismissed as part of a global resolution with the instant offense. PSR ¶ 48. However, the underlying behavior for this case is considered relevant conduct. PSR ¶ 8.[1]

2. September 2025 Drug Trafficking Conduct

On September 8, 2025, investigators executed a search warrant at the residence of the defendants in the indictment in this case, Medina Coello and co-defendant Lagos-Ponce. PSR ¶ 20. Medina-Coello was observed exiting the residence carrying a backpack and entering the

---

[1] The plea agreement referred to "defendant's conduct on June 22, 2024" as relevant conduct. PSR ¶ 8. This was a typographical error. The correct date is August 22, 2024. PSR ¶ 48.

passenger seat of a dark blue Cadillac. *Id*. Investigators conducted a traffic stop of the vehicle, and contacted the driver, Male Witness 1 (MW1), and the back seat passenger, Female Witness 1 (FW1). PSR ¶ 21. MW1 advised investigators that he had known Medina-Coello for about six months and that Medina-Coello was the source of fentanyl powder for both himself and FW1. *Id*. MW1 further advised that he purchased half-gram quantities from Medina-Coello and stated he would drive Medina-Coello to and from downtown Portland in exchange for fentanyl powder or gas expenses. *Id*. FW1 advised investigators she had known Medina-Coello for around a year and confirmed Medina-Coello was her source for fentanyl. *Id*.

Investigators searched the vehicle and located the backpack belonging to Medina-Coello. PSR ¶ 22. The backpack contained 193.4 gross grams of fentanyl powder, a digital scale, new/unused packaging, a .22 caliber Taurus handgun (with a loaded magazine and an empty chamber), and a single dose of Narcan. *Id*. A photograph of the fentanyl, digital scale, and handgun seized from Medina-Coello's backpack is shown below.



Medina-Coello was arrested, and investigators executed the search warrant on his residence that same day. PSR ¶ 23. At the time of the warrant, co-defendant Lagos-Ponce exited the residence and was detained without incident. *Id*. The investigators noted two mattresses in one bedroom of the residence, with the other bedroom apparently unoccupied. *Id*. The investigators conducted a search of the residence and located a digital scale and new/unused packaging in the kitchen; money remitter receipts, $2,869 in U.S. currency, and Medina-Coello's passport underneath one mattress; $6,101 in U.S. currency and a ledger near the second mattress; and approximately 127.9 gross grams of fentanyl powder inside a black speaker in the utility closet. *Id*. The fentanyl located inside the black speaker was attributable to Lagos-Ponce. *Id*.

In a post arrest interview, Medina-Coello advised investigators he was unaware of the fentanyl located in the residence, that all of his fentanyl powder was in his backpack. PSR ¶ 24. (The fentanyl from the speaker was determined to be solely attributable to Lagos-Ponce.) Medina-Coello additionally admitted to investigators his use of the fictitious name Yonis Diaz-Cuello during prior arrests. *Id*.

**B. Federal Indictment of Medina-Coello**

On August 7, 2026, Medina-Coello waived indictment and plead guilty to a two-count Superseding Information charging the crimes of possession with intent to distribute fentanyl, (40 grams or more), in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B)(vi), and prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). PSR ¶¶ 1-2.

**C. The Plea Agreement & Guideline Computations**

The presentence report has calculated Medina-Coello's criminal history score to be two, and his criminal history category is II. PSR ¶ 44.

The government agrees with the guideline calculations in the presentence report, which are consistent with the plea agreement in this case. PSR ¶¶ 31-40.

The government is recommending a three-level guideline reduction under USSG §3E1.1 to account for defendant's acceptance of responsibility. PSR ¶ 12. Additionally, the government is recommending a further three level downward variance under 18 U.S.C. § 3553(a) to account for defendant's prompt notice to the government of the defendant's intent to plead guilty and accept responsibility prior to the first trial setting, and other reasons to be presented at sentencing. PSR ¶ 13.

The government recommends a sentence of 37 months custody in this case, followed by four years of supervised release for the offense of Count One, and three years of supervised release for the offense of Count Two. This recommendation is consistent with the plea agreement.

**Argument**

**A. 18 U.S.C. 3553(a) Sentencing Factors**

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) “any pertinent policy statement” issued by the Sentencing Commission;

(6) “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;” and

(7) “the need to provide restitution to any victims of the offense.”

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include “the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public. . .” and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

**B. Analysis of Sentencing Factors**

This case involves defendant Medina-Coello distributing fentanyl and unlawfully possessing a firearm as a prohibited person. Medina-Coello was a street-level drug dealer engaged in selling fentanyl in downtown Portland, including the Pearl District, during the summer of 2025 until his arrest in September 2025.

This conduct was serious because it involves fentanyl — a dangerous drug that can be lethal even in small amounts. *See* DEA Drug Fact Sheet – Fentanyl (Oct. 2022), available at https://www.dea.gov/sites/default/files/2022-12/Fentanyl%202022%20Drug%20Fact%20Sheet.pdf. The fentanyl possessed and distributed by Medina-Coello contributed to the spread of this poison in our community. Medina-Coello’s

conduct in this case is especially serious because he was also in possession of a firearm. The possession of firearms in connection with the distribution of fentanyl creates a dangerous environment for everyone.

The government's recommendation in this case accounts for Medina-Coello's conduct on two occasions: August 2024 and September 2025. PSR ¶¶ 19-24. Medina-Coello was not deterred by his previous state arrest in August 2024, PSR ¶ 48, and he kept selling drugs. A sentence of 37 months custody holds him accountable for this.

Additionally, Medina-Coello does have a prior criminal conviction and a history of criminal conduct. PSR ¶ 43, 45, 46. He was convicted of possession for sale of a controlled substance (felony) in Oakland, California on August 29, 2022. PSR ¶ 43. Additionally, in a police encounter in April 2017 in Colorado, officers located seven individually wrapped amounts of heroin, determined to be a total of 4.91 grams, in his possession. PSR ¶ 46. Medina-Coello was released to immigration authorities on an outstanding warrant, and his criminal drug case was later dismissed. *Id.*

To his credit, Medina-Coello accepted responsibility for his actions in a timely and forthright manner in this case, almost immediately after being contacted by law enforcement.

As Medina-Coello is not a United States citizen, he is subject to removal from the United States as a collateral consequence, upon the conclusion of his sentence in this case. PSR ¶ 6.

The requested sentence of 37 months custody promotes respect for the law, provides just punishment, and affords adequate deterrence by holding Medina-Coello accountable for his conduct.

## Conclusion

Based on the foregoing, the government recommends the court impose a sentence of 37 months custody on Counts One and Two, to run concurrently, followed by four years of supervised release for the offense of Count One, and three years of supervised release for the offense of Count Two.

Dated: October 21, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/*Cassady A. Adams*
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney